THE STATE, EX REL. GEORGE W. WROCKLAGE, RELATOR, v. BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF BERGEN, AND A. THEODORE HOLMES, TREASURER OF THE COUNTY OF BERGEN, RESPONDENTS.

Submitted January 15, 1946—Decided July 25, 1946.

Before Justices DONGES, HEHER and COLIE.

For the relator, *Pachella & Chary*.

For the respondents, *Milton T. Lasher*.

The opinion of the court was delivered by

COLIE, J. This matter is before the court on the return of a rule to show cause directed to the respondents why the rela-

tor should not be retired on half pay. The facts are stipulated as follows: George W. Wrocklage is sixty-three years of age and has served as a county probation officer for sixteen years. In October, 1944, he suffered a paralytic stroke which permanently incapacitated him from further duty. He was granted a leave of absence in an attempt to regain his health but the attempt was unsuccessiul. In June, 1945, he filed a petition for retirement. The Court of Common Pleas designated three physicians who found and certified him to be "permanently incapacitated for further duty." Upon the filing of the aforesaid certificate, the county treasurer and the Board of Freeholders of Bergen County determined that relator was "not eligible for retirement or a pension at this time due to the fact that the reports of the examining physicians do not find that the petitioner's physical condition is directly related to the services which were performed by your petitioner as a Probation Officer."

It should be particularly noted that the sole ground upon which the petition for pension was denied was the lack of a finding by the examining physicians that "petitioner's physical condition is directly related to the services which were performed * * * as a Probation Officer." Turning to *R. S.* 43:10–51 we find that the examining physicians are limited to a finding of whether or not there is permanent incapacity for further duty. There is not one word in the section of the statute prescribing the duties of the examining physicians as to the necessity for a finding that the disability is either directly or indirectly related to the services performed as a probation officer. Since the stipulation of facts confines itself to the single reason above stated, we specifically confine our decision thereto.

A writ of *mandamus* is allowed, with costs, in accordance with the application therefor.